FILED

03/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0087

DA 19-0087

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 57N

RUSSELL WAYNE BULLOCK,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 18-1206B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Russell Wayne Bullock, Self-represented, Shelby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

      Marty Lambert, Gallatin County Attorney, Eric N. Kitzmiller; Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  February 12, 2020

Decided:  March 10, 2020

Filed:

                                   _____
                                         Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner and Appellant Russell Wayne Bullock (Bullock) appeals the Order Dismissing Petition for Postconviction Relief issued by the Eighteenth Judicial District Court, Gallatin County, on January 3, 2019. We affirm.

¶3 In February 2015, a jury found Bullock guilty of sexual intercourse without consent and burglary. Bullock was sentenced on June 2, 2015, and filed his notice of appeal on August 2, 2015. We affirmed his convictions on July 25, 2017, but remanded for the District Court to strike the court information technology user surcharges and impose only one $10 user surcharge. *State v. Bullock*, 2017 MT 182, ¶ 38, 388 Mont. 194, 398 P.3d 881. One month later, on August 25, 2017, the District Court issued an Order Amending Sentence to correct the surcharge. On July 2, 2018, Bullock filed a document entitled "Defendants Brief in Support of His Petition for Post-Conviction Relief," as well as a Motion for Appointment of Counsel. As Bullock failed to file an accompanying proper petition for postconviction relief, on August 2, 2018, the District Court denied the relief requested in his Brief in Support as well as his Motion for Appointment of Counsel. On October 23, 2018, Bullock signed and dated his Petition for Postconviction Relief. This

2

Petition was received by the Clerk of Court on October 29, 2018,[1] one year and sixty-five days after the District Court amended his judgment.

¶4 We review the denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233.

¶5 Section 46-21-102, MCA, addresses the timeliness of petitions for postconviction relief:

> (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
>    (a) the time for appeal to the Montana supreme court expires;
>    (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
>    (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.
>
> (2) A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

---

[1] The Clerk of Court initiated a new postconviction case, DV 18-1206, for the petition and related postconviction documents but did not file the petition until November 16, 2018, the date the District Court approved Bullock's request to proceed *in forma pauperis*. For purposes of our analysis, we consider Bullock's petition for postconviction relief to have been filed on October 29, 2018, when it was received by the Clerk of Court.

An appeal to the United States Supreme Court must be taken within 90 days after the entry of this Court's opinion. Sup. Ct. R. 13(1), (3); *Raugust v. State*, 2003 MT 367, ¶ 15, 319 Mont. 97, 82 P.3d 890. As such, a conviction normally becomes final 90 days after this Court issues its opinion. However, when an amended judgment is issued, as is the case here, finality is calculated from the date of the amended judgment. *State v. Garner*, 2014 MT 312, ¶ 24, 377 Mont. 173, 339 P.3d 1. Bullock's conviction became final on October 24, 2017—60 days after the Order Amending Sentence of August 24, 2017. Thus, pursuant to § 46-21-102, MCA, Bullock's time to file a petition for postconviction relief expired on October 24, 2018.

¶6    The State argues Bullock's petition for postconviction relief was untimely as it was not filed until October 29, 2018—5 days late. Bullock, too, recognizes his petition for postconviction was not timely but advocates we should honor and uphold "the post box rule," which he asserts should extend the time in which to file by 3 days.

¶7    In *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), the U.S. Supreme Court determined, for purposes of federal filings submitted by incarcerated inmates, the document is deemed filed when the inmate delivers the document to prison authorities for mailing to the clerk of court. We have never applied this rule, known as the prison mailbox rule, to documents filed in state court. By statute, Bullock had a full year to file for postconviction relief and did not demonstrate any impediments to meeting this deadline. Further, the prison mailbox rule is inconsistent with the rules of civil procedure, Bullock has not demonstrated any compelling reason to adopt it under the circumstances of this

4

case, and we decline to do so now. The District Court did not err when it dismissed Bullock's petition as untimely. As Bullock's petition was untimely, the record conclusively established Bullock was not entitled to relief and there was no basis for the District Court to even consider holding a hearing. *See* § 46-21-201(1)(a), MCA. Under the circumstances here, the District Court did not err in failing to hold a hearing on Bullock's petition for postconviction relief.

¶8 Bullock also asserts the District Court was "bound by law [and] had to give" him an extension of time to file his postconviction petition. We do not agree. The time-bar established in § 46-21-102, MCA, "constitutes a rigid, categorical time prescription that governs post-conviction petitions." *Davis v. State*, 2008 MT 226, ¶ 23, 334 Mont. 300, 187 P.3d 654. The District Court properly applied the time limits set forth in § 46-21-102, MCA.

¶9 Finally, Bullock asserts the justices of this Court must recuse themselves "as they have previously sat on Bullock's direct appeal . . . Which now makes the Supreme courts Justice's bias or prejudice towards Bullock[.]" Again, we disagree. While bias or prejudice against a party would warrant disqualification pursuant to M. C. Jud. Cond. 2.12(A)(1), previously ruling unfavorably to a litigant on a prior appeal does not establish bias or prejudice towards a litigant. Bullock has failed to demonstrate any personal bias or prejudice of any justice on this Court towards him warranting recusal.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE